| | | | | |
|---|---|---|---|---|
| Minute Order Form (06/97) | **United States District Court, Northern District of Illinois** | | | |
| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | | |
| **CASE NUMBER** | 03 C 4362 | **DATE** | 11/12/2003 | |
| **CASE TITLE** | USA vs. Keith McCain | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: McCain's section 2255 motion is denied and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 1 4 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 11 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 4362 (95 CR 509) |
| ) | Paul E. Plunkett, Senior Judge |
| KEITH MCCAIN, ) | |
| ) | |
| Defendant. ) | |

NOV 1 4 2003

## MEMORANDUM OPINION AND ORDER

In 1996, Keith McCain, along with a number of other members of the Gangster Disciples ("GD") street gang, was convicted of a variety of drug trafficking offenses. McCain has now filed a motion pursuant to 28 U.S.C. § ("section") 2255 to vacate his conviction and sentence. For the reasons set forth below, the motion is denied.

### Discussion

McCain contends that his trial counsel was constitutionally ineffective for: (1) failing to object to the introduction of co-conspirator testimony that he says was inadmissible; and (2) failing to move for a mistrial or severance based on that testimony.[1] To prevail on each ineffective

---

[1] McCain did not raise any of these claims on appeal, see generally United States v. Smith, 223 F.3d 554 (7th Cir. 2001), presumably because his trial counsel also served as his appellate counsel. See id. at 559. In any event, the government does not argue that these ineffective assistance claims are defaulted. Thus, to the extent procedural default is a viable defense to any of these

1

assistance claim, McCain must show that his counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, the result of the proceeding would likely have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). McCain cannot, however, rest on "naked assertions that he was denied ineffective assistance of counsel." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1998). Rather, he must "adequately specify" the conduct that he contends was constitutionally lacking. Id. at 1146.

McCain's petition falls woefully short of that standard. Though McCain argues that his lawyer should have objected to the introduction of certain testimony, he does not identify that testimony with any specificity. In fact, his only attempt to identify the allegedly objectionable material appears in a footnote that refers to four portions of the trial transcript. (See Mot. at 26 n.15.) Because those four references are the only specific citations of error in the petition, they are the only ones that we will address.

McCain contends that certain testimony of Robert Crawford, Dwayne Johnson, Ricky Harris and Christopher Robinson was inadmissible under Bruton v. United States, 391 U.S. 123 (1968). In that case, Bruton and Evans were tried jointly for an armed postal robbery. Though Evans did not testify, the trial court permitted a postal inspector to testify that Evans had confessed that he and Bruton had committed the crime. Id. at 124. That testimony, which was admissible with respect to Evans, was inadmissible hearsay with respect to Bruton, a distinction, the Court said, that a jury could not reasonably be expected to respect. Id. at 126-131. Because there was a "substantial risk that the jury . . . looked to the incriminating extrajudicial statements in determining [Bruton's] guilt,"

---

claims, the Court deems the government to have waived it.

the Court held that admission of those statements violated his Sixth Amendment right of confrontation. Id. at 126.

The Seventh Circuit has interpreted Bruton as applying only to those cases that fall squarely within its holding; that is, cases in which a non-testifying defendant's out-of-court confession, which inculpates his co-defendant but would be inadmissible hearsay if introduced against him, is introduced against the first defendant in their joint trial. If, however, the out-of-court confession is not hearsay, because it is a co-conspirator's statement, or is admissible under one of the exceptions to the hearsay rule, Bruton does not apply. See, e.g., United States v. Hamilton, 19 F.3d 350, 357 (7th Cir. 1994) (noting that "Bruton affords . . . no protection if [the] extrajudicial statements [are] admissible under Rule 804(b)(3)"); United States v. Williams, 858 F.2d 1218, 1224 (7th Cir. 1988) ("Bruton . . . dealt with a confession that clearly was inadmissible hearsay as to the nonconfessing defendant and does not control [when] . . . the codefendant's statements complained of clearly are admissible as statements made by a co-conspirator in furtherance of a conspiracy.")

The testimony of Robert Crawford challenged by McCain does not fall within the scope of Bruton. Crawford testified that he was a GD and identified McCain, known to him as Khadafi, as a Governor in the gang. (Trial Tr. at 235, 250, 358-59.) In January 1995, Crawford was arrested for selling cocaine to an undercover police officer and, after his arrest, began cooperating with the authorities. (Id. at 225-26.) While acting as a government agent, Crawford tape recorded a GD meeting. (Id. at 286-87.) The tapes of that meeting were played in court and Crawford was asked a series of questions about them. (Id. at 287-336.) The part of Crawford's testimony to which McCain objects concerns his explanation about statements another GD, Melvin Clifton, made at the meeting:

> Q. Then the next page, page 3, starting at line 4, do you see the sentence or the line there that starts "That money"?
> A. Yes.
> Q. "That money that Dafi supposed to be giving us on that work." Who do you understand "Dafi" to be?
> A. Khadafi.
> Q. And what do you understand him to be saying there?
> A. He was supposed to give us some money for some work.
> Q. What is work?
> A. Cocaine.

(Id. at 324.)

Crawford's testimony that he understood "Dafi" to refer to McCain is not subject to Bruton. Crawford was not one of McCain's co-defendants, was not recounting an out-of-court declarant's identification of McCain and was available to be cross-examined concerning his understanding of the name "Dafi." Thus, McCain's lawyer had no basis for objecting to that portion of Crawford's testimony.

Nor did he have a basis for objecting to Crawford's testimony that Clifton said McCain was supposed to be giving them "money . . . on that work." Clifton, the out-of-court declarant, was not one of McCain's co-defendants and his statement was independently admissible under Federal Rule of Evidence ("Rule") 801(d)(2)(E) as a statement of a co-conspirator made during the course and in furtherance of the conspiracy. Consequently, Bruton was no bar to that testimony.

Bruton also does not apply to Dwayne Johnson's testimony. Johnson was a Chicago police officer who worked undercover investigating the GDs. (Trial Tr. at 865-66.) As part of that investigation, Johnson purchased cocaine from Steven Pink, one of McCain's co-defendants, and tape recorded several of their conversations. (Id. at 867, 872.) McCain objects to the following testimony elicited from Johnson concerning the tape of one of those conversations:

Q. Then you say, "Do you know – an old boy from 79th Street, the Governor? What's his name?" And his response is "Khadafi." What does that refer to?

A. Okay. I asked Mr. Pink if he knew a Governor of the Gangster Disciples, and I just gave the street of 79th Street. And he said the name of Khadafi.

(Id. at 914.)

Though Pink was one of McCain's co-defendants, his statement, as explained by Johnson, is still not subject to Bruton. Like Clifton, Pink was one of McCain's co-conspirators and his statement was made in the course and in furtherance of the conspiracy. Thus, his statement was admissible under Rule 801(d)(2)(E). Because Pink's statement was admissible non-hearsay, McCain's lawyer had no reason to object to it.

McCain fares no better with his challenge to Ricky Harris' testimony. Harris was a long-standing member of the GDs. (Trial Tr. at 954-55.) He testified about the following conversation he had with "Fifteen Sheldon," one of the GD Regents:

Q. You testified that the Gangster Disciples started to put on concerts. Do you recall that time?
A. Yes.
Q. What were these concerts?
A. Rock concerts.
Q. Where were they held?
A. At the Amphitheater.
Q. Did you talk with your Regents and Governors about the concert tickets?
A. Yes, I did.
Q. Who did you talk to?
A. Fifteen Sheldon.
Q. Who is Fifteen?
A. One of Khadafi's Regents.

(Id. at 1002.) Subsequently, Harris was asked:

Q. What did Fifteen say to you?
A. He owed me some money, and he said he got a problem because Khadafi is sweating him about the money for the tickets. I told him he could just pay me back when he got the ticket money.

5

(Id. at 1003.) Later, Harris explained that the money Fifteen Sheldon owed him was for "some narcotics." (Id. at 1004.) McCain says that testimony was barred by Bruton.

Once again, the Court disagrees. Harris' testimony that Sheldon was one of McCain's Regents is not subject to Bruton because Harris was not one of McCain's co-defendants, was not testifying to an out-of-court statement and was subject to cross-examination concerning his understanding of the GD hierarchy.

McCain fares no better if his challenge is to Harris' testimony about Fifteen Sheldon's statement. Fifteen Sheldon was not one of McCain's co-defendants and his statement about not having money to pay Harris because McCain, his superior in the GDs, was pressuring him to buy concert tickets, was admissible non-hearsay under Rule 801(d)(2)(E). Because Harris' testimony was admissible under Bruton, McCain's lawyer had no basis for objecting to it.

Finally, McCain contends that Christopher Robinson should not have been permitted to give certain testimony. Robinson was a GD who sold drugs under the supervision of Sheldon Pitman. (Trial Tr. at 1971-73.) Robinson testified that McCain was one of Pitman's sources for drugs and that Robinson saw Pitman buy drugs from McCain in 1993. (Id. at 1986, 1992-93, 2012.) Robinson also testified that McCain held a rank "over a Regent" and that Pitman had told him McCain was an "Area Regent," testimony that McCain says he should not have been permitted to give. (Id. at 2026-27)

Neither Robinson's testimony about his own understanding of McCain's rank nor Pitman's explanation of it is barred by Bruton. The former testimony is admissible because Robinson was not one of McCain's co-defendants, was not recounting an out-of-court identification of McCain's rank and was extensively cross-examined by McCain's lawyer about his personal knowledge on that topic.

6

(See id. at 2026-30.) The latter testimony is admissible because Pitman was not one of McCain's co-defendants and his statement was non-hearsay under Rule 801(d)(2)(E). Because Bruton does not apply to those portions of Robinson's testimony, McCain's lawyer had no reason to lodge an objection to them.

In short, McCain has not demonstrated that his lawyer was constitutionally ineffective for failing to object or move for severance or a mistrial on the basis that the testimony of Robert Crawford, Dwayne Johnson, Ricky Harris and Christopher Robinson was barred by Bruton. Because McCain's motion and the record in this case "conclusively show that [he] is entitled to no relief," his section 2255 motion and his request for an evidentiary hearing on it are denied. Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001) (internal quotation marks and citation omitted).

## Conclusion

For the reasons stated above, McCain's section 2255 motion is denied and this case is dismissed.

**ENTER:**

UNITED STATES DISTRICT JUDGE

**DATED:** 11-12-03